# NOTICE OF REMOVAL
# EXHIBIT A – AMENDED COMPLAINT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

MARLENA ROSS, on behalf of herself and others similarly situated,

Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION ("PMA"); SEATTLE JOINT PORT LABOR RELATIONS COMMITTEE ("JPLRC"); SSA TERMINALS, LLC.;

Defendants.

INTERNATIONAL LONGSHORE AND WAREHOUSE UNION (ILWU) LOCAL 19,

Intervenor-Defendant.

NO. 18-2-20277-9 SEA

AMENDED COMPLAINT FOR DAMAGES AND FOR RULE 23(b)(2) DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Marlena Ross alleges the following claims for sex discrimination, pregnancy discrimination, and hostile work environment against Defendants Pacific Maritime Association, Seattle Joint Port Labor Relations Committee, and SSA Terminals, LLC.

## I. PARTIES

1.1   Plaintiff Marlena Ross ("Ross") is a citizen of the state of Washington. She has performed work for defendant Pacific Maritime

AMENDED COMPLAINT - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Association ("PMA") and been employed by defendant in the state of Washington as a longshore worker since 2006.

1.2  Defendant Pacific Maritime Association is a foreign association of shipping and warehouse companies incorporated in the State of California and operating in the ports of the State of Washington, including the ports of Tacoma and Seattle. Defendant's Washington state registered agent is located in Thurston County. Defendant employs longshore workers on behalf of its members, shipping and warehouse companies.

1.3  Defendant Seattle Joint Port Labor Relations Committee ("JPLRC") is a committee comprised of union representatives, PMA representatives, and employer representatives who administer the parties' labor agreement.

1.4  Defendant SSA Terminals, LLC., ("SSA") is a Washington corporation operating container terminals in ports of the state of Washington and employs longshore workers including Ms. Ross at the terminals it leases in Seattle. SSA leases and operates terminals 18 and 30 in Seattle where Plaintiff Ross worked and one or more of the alleged discriminatory acts herein occurred and the discriminatory practices alleged herein took place. At all times material to allegations herein, while Ms. Ross was working at terminals 18 and 30, Defendant SSA was Ms. Ross' employer. Defendant's principal place of business is King County, Washington. At all relevant times herein alleged, SSA was a member of the Defendant Pacific Maritime Association ("PMA") and had one or more representatives on the Defendant JPLRC.

## II.  FACTS

A.  **Longshore Seniority, Work, and Work Assignments**

2.1  Longshore workers include workers who are classified for

AMENDED COMPLAINT - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 9

seniority purposes by PMA and the longshore unions as "unidentified casuals," "identified casuals," "B registered" and "A registered" workers. "A registered workers" are the most senior.

2.2 The International Longshore and Warehouse Union ("ILWU") is the exclusive bargaining representative of the workers employed by PMA.

2.3 Each port has a local ILWU. In Seattle, the ILWU is Local 19.

2.4 In order to obtain work as a longshore worker in the state of Washington for PMA and its members, workers must report to a dispatch hall and be dispatched on a daily basis to a job. The dispatch hall procedures are jointly operated and controlled by PMA and the local longshore unions.

2.5 The dispatching of workers to a job is done on the basis of seniority starting with "A" registered workers and continuing through "unidentified casual" workers, where work is available. Workers may not obtain longshore work for PMA and its members directly from PMA and its members, but must be dispatched through the dispatch hall. All longshore workers are authorized by PMA and its members to be present at the dispatch hall and must be present to obtain work.

2.6 During all relevant periods, PMA and its members have obtained longshore workers on a daily basis from dispatch halls located in various ports in the State of Washington, including Seattle, Tacoma, Vancouver, Longview and other ports.

2.7 Plaintiff Ross has obtained work for PMA and its members through the dispatch hall located in Seattle.

2.8 Longshore workers obtained work through the dispatch halls in the state of Washington by receiving a job assignment from the dispatcher for one of the PMA members. Job assignments are given out only for work on that

AMENDED COMPLAINT - 3

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 10

particular day and a longshore worker must return for another dispatch to receive work the next day or on another day.

2.9   Plaintiff Ross received longshore jobs in the manner specified in the paragraph above.

2.10   After receiving the job assignment from the dispatcher, a worker must travel to the job which is located at a terminal at a distance away from the dispatch hall. The job generally consists of one or more longshore jobs loading or unloading a vessel, working in a warehouse, and/or performing paper work associated with the loading or unloading of vessels.

2.11   SSA leases terminals 18 and 30.

2.12   Eli Bohm manages terminal 18 and Damien Bressler manages terminal 30.

2.13   Eli Bohm and Damien Bressler made the decision to not have a lactation room available to female longshore workers and created a hostile work environment towards female workers.

2.14   PMA follows a "40% availability rule" for all causals. This means an identified casual worker must show up at the dispatch hall to request a work shift at least 40% of the time, or the worker will be removed as a longshore worker.

2.15   PMA follows a "60% availability rule" with B class workers. A class workers do not have an availability rule.

2.16   Longshore workers are supposed to advance in seniority from unidentified casual, to identified casual, to "B registered" to "A registered" based on the number of hours worked.

2.17   Decisions about advancement in seniority are made by the local Joint Port Labor Relations Committee ("JPLRC") at each port, which is

AMENDED COMPLAINT - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 11

comprised of representatives of PMA and the ILWU.

2.18   During Ms. Ross's tenure as a longshore worker, PMA, through its representatives in the JPLRC, repeatedly changed the metric for counting "hours worked" for advancement discriminatorily.

2.19   PMA's, its members who employ longshore workers in Seattle and JPLRC's shifting metric has had the intent and effect of advancing men through the ranks to become B registered and A registered workers, and denying women who became pregnant and took leave to have children the ability to advance in the ranks.

2.20   Various classes of longshore workers receive credit towards "hours worked" while they are on leave from work or unable to work as a longshore worker.  Classes of workers who receive credit towards hours worked include: those who have "industrial illness or injury arising out of employment," military service members; workers serving as full-time union officials; workers serving as jurors.

2.21   PMA, its members who employ longshore workers in Seattle and JPLRC discriminate against female, pregnant longshore workers by not providing them with credit towards "hours worked" while they are on leave from work with pregnancy-related restrictions or while recovering from childbirth. The lack of credited hours means that female longshore workers who have children and take maternity leave do not advance as quickly in seniority as other, predominantly male workers.

2.22   Various classes of longshore workers are also given "light duty" assignments while needed. Classes of workers include those recovering from industrial injury arising out of employment. These workers continue to receive job assignments, pay, and to accumulate "hours worked" towards advancement

AMENDED COMPLAINT - 5

while working in "light duty" roles.

2.23   PMA, its members who employ longshore workers in Seattle and JPLRC discriminate against pregnant longshore workers by not providing them with light duty assignments. As a result, many pregnant longshore workers are forced to take leave from work altogether while pregnant because they cannot engage in some of the more taxing duties of certain longshore jobs, such as heavy lifting.

**B.   Plaintiff Ross**

2.24   Since 2007, Ross has performed longshore work for PMA and its members.

2.25   Ross became a longshore worker through a lottery through the Seattle Times.

2.26   She began work as an unidentified casual, the lowest seniority. Later in 2007 Ross became an "identified casual" longshore worker.

2.27   The mentality at the Ports for casuals is that, if you cannot come to work and work 100%, do not come to work at all.

2.28   Plaintiff Ross first became pregnant in 2009.

2.29   During her pregnancy, Ross continued to perform the longshore jobs involving heavy work because she felt that she had to in order to be assigned work.

2.30   In March 2010, Ross suffered a miscarriage due to over-exertion.

2.31   In the summer of 2010, Ross became pregnant again. Because of her prior miscarriage, Ross's doctor restricted her from performing work that involved heavy lifting.

2.32   PMA did not offer Ross light duty assignments so Ross had to stop working altogether during her pregnancy.

AMENDED COMPLAINT - 6

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 13

2.33     During this time, PMA attempted to remove her as a longshore worker under its "40% availability rule."   Ross provided a doctor's note outlining her pregnancy-related work restrictions. PMA ultimately granted Ross a temporary disability and a waiver from removal.

2.34     Ross's daughter was born in April 2011.  She returned to work four months later.

2.35     PMA and the JPLRC did not provide Ross credit towards "hours worked" for the hours that she missed work due to her pregnancy-related restrictions or her recovery from childbirth.

2.36     During her pregnancy and recovery from childbirth, Ross dropped 113 spots on the list for advancing in seniority.

2.37     When Ross returned to work, she needed to express milk.

2.38     PMA, JPLRC, and SSA did not provide Ross with a lactation room. Ross was forced to pump in her car during her lunch break.

2.39     In 2010, the JPLRC decided to advance 90 identified casuals to B registered workers.  JPLRC calculated relevant hours beginning from the last quarter after they had advanced people previously.

2.40     Because PMA denied Ross light duty during her pregnancy and she was forced to take off work completely, Ross did not have sufficient qualifying hours and was not advanced to a B registered worker.

2.41     In 2011, the JPLRC decided to advance an additional 17 identified casuals to B registered workers.  JPLRC calculated relevant hours beginning from the last quarter after they had advanced people previously.

2.42     Like before, because PMA denied Ross light duty during her pregnancy and she was forced to take off work completely, Ross did not have sufficient qualifying hours and was not advanced to a B registered worker.

AMENDED COMPLAINT - 7

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 14

2.43   In May 2013, Ross became pregnant with her second child.

2.44   PMA did not offer Ross light duty assignments so Ross had to stop working altogether during her pregnancy.

2.45   Ross's son was born in January 2014.  She returned to work in April 2014.

2.46   PMA and JPLRC did not provide Ross credit towards "hours worked" for the hours that she missed work due to her pregnancy-related restrictions or her recovery from childbirth.

2.47   During her pregnancy and recovery from childbirth, Ross dropped 55 spots on the list for advancing in seniority.

2.48   When Ross returned to work, she needed to express milk.

2.49   PMA, JPLRC, and SSA did not provide Ross with a lactation room. Ross was forced to pump in her car during her lunch break.

2.50   On June 23rd, 2015 the JPLRC decided to advance an additional 2 identified casuals to B registered workers.

2.51   This time, instead of calculating relevant hours beginning from the last quarter after they had advanced people previously, the JPLRC calculated based on "total industry hours."

2.52   This arbitrary and discriminatory change in metrics again harmed Ross because the time off during her pregnancies and her maternity leaves counted against her.

2.53   In January 2016, Ross became pregnant with her third child.

2.54   In February 2016, Ross told PMA that she intended to pump at work upon her return after the baby's birth and requested light duty as an accommodation.

2.55   This time, PMA granted Ross the accommodation, but she often

AMENDED COMPLAINT - 8

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 15

had to explain to each new dispatcher each day that she had an accommodation and that she needed light duty assignments.

2.56    During the summer of 2016, Ross reminded PMA that she would need a lactation room to be ready upon her return to work.

2.57    Ross's son was born in September 2016.

2.58    PMA and JPLRC did not provide Ross credit towards "hours worked" for the hours that she missed work due to her pregnancy-related restrictions or her recovery from childbirth.

2.59    In December 2016, Ross provided PMA with a doctor's note stating that she is cleared to return to work but needs a clean and private space to be able to express breastmilk/pump during the workday.

2.60    PMA did not respond.

2.61    In January and for the next two months, Ross continued to inquire with PMA, on the phone and in writing, about her return to work and their accommodations for her medical need to pump at work.

2.62    Finally, on March 3, 2017 – six months after her son was born – Ross's union representative informed her that she could return to work and pumping facilities would be made available.

2.63    Ross appeared at the dispatch hall the next day, but did not get her first shift until March 10, 2017.

2.64    There was no place for her to pump and she was forced to pump in a conference room with glass windows. There was no refrigerator and Ross was forced to dump the milk she had expressed.

2.65    Eli Bohm and Damien Bressler made the decision to not have a private lactation room available upon Ross's return to work.

2.66    Throughout 2017 while Ross was attempting to express milk at

AMENDED COMPLAINT - 9

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 16

work, defendants did not provide Ross with adequate, clean pumping facilities as required by law.

2.67   On various occasions, SSA required Ross to use a room in the SSA administration building that was jointly being used for storage.

2.68   On April 14, 2017, someone unlocked the door while Ross was pumping – with full knowledge that she was in the room – and entered the room while Ross was fully exposed.

2.69   Frequently while she was pumping, over required walkie-talkies, Ross was harassed over the amount of time it took her to pump, and was asked why she wasn't back to work.

2.70   One of the locations that SSA provided Ross in which to pump was an unsanitary room with dead flies in the refrigerator. Eli Bohm and Damien Bressler were aware of the room's conditions.

2.71   The day after pumping in that facility, Ross got mastitis, MRSA, clogged milk ducts, and a staph infection.

2.72   PMA, JPLRC, and SSA also erected unnecessary barriers to Ross's ability to efficiently pump at work.

2.73   Rather than allowing her to drive her work vehicle to the nearest/preferred pumping location, SSA required her to call SSA's security bus, wait for it to come pick her up, and have the security bus drop her at the pumping location.

2.74   Ross often had to wait fifteen minutes for the security bus to arrive. She had to repeat the procedure when she was done pumping.

2.75   On one occasion, she got to pumping facility and had to wait an hour for someone to find a key to unlock the door to the room.

2.76   In March 2017, Ross filed a three grievances with the IWLU Local

AMENDED COMPLAINT - 10

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 17

19 regarding the inadequate pumping facilities and the hostile work environment surrounding her pumping efforts.

2.77   After she filed a grievance, SSA and PMA retroactively began to dock Ross's pay and deduct from her pay the time she was pumping, including the time it took the SSA security bus to transport her, the time it took for a security guard to find and unlock the room, and other SSA-caused delays.

2.78   If Ross had never become pregnant, or had she been given credit for hours missed due to pregnancy and child birth related leave, she would have advanced to become a B Registered worker in approximately 2010, and an A Registered worker in 2015.

2.79   As a result of not being given credit towards "hour worked," Ross is still an identified casual. As an identified casual, Ross is not a union member, receives lower wages, has no paid vacation days, and ranks behind A and B registered workers for work assignments.

2.80   Between 2012-2016, the JPLRC moved up 2 casuals to B registered.

2.81   In late 2017 through the second quarter of 2018, the JPLRC announced that it would be moving 82 people up in seniority.

2.82   Instead of basing the promotions on hours worked beginning from the last quarter since they last advanced people, the JPLRC decided to base this round of promotions on total industry hours.

2.83   Ross was not advanced.

2.84   If Ross had been given credit towards "hour worked" for each of her pregnancies, Ross would be one of the 82 people being promoted.

### III. Class Action Allegations

3.1   This action is brought on behalf of the class defined below for

AMENDED COMPLAINT - 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 18

declaratory and injunctive relief based on defendants PMA, JPLRC and SSA's violation of the Washington Law Against Discrimination, RCW 49.60. *et seq.*, and violation of the Healthy Starts Act. The class is:

> All female longshore workers in Washington from August 1, 2008 to August 6, 2018, including workers who became pregnant and/or took leave from work to recover from birth and care for an infant between August 1, 2008 and August 6, 2018.

3.2   <u>Numerosity</u>. The above described class consists of a minimum of 100 workers and likely consists of over 200 workers, including over 45 workers who became pregnant and/or took leave from work to recover from birth and care for an infant between August 1, 2008 and August 6, 2018. The members of the above described class are also geographically dispersed at various ports in the state of Washington. The size of the class and its geographical dispersion makes individual joinder impracticable.

3.3   <u>Commonality</u>. Common questions of law and fact exist as to the claims of all class members, including:

    a.   Whether PMA discriminated against female workers including workers who became pregnant through a policy or practice of denying light duty work associated with pregnancy related restrictions.

    b.   Whether PMA and JPLRC discriminated female workers including workers who became pregnant through a policy or practice of denying female workers credit towards hours missed while they were forced to take leave during pregnancy because of lack of light duty, thus hindering their advancement.

    c.   Whether PMA and JPLCRC discriminated female workers including workers who became pregnant through a policy or practice of denying female workers who have taken maternity

AMENDED COMPLAINT - 12

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 19

leave credit towards hours missed while on maternity leave, thus hindering their advancement.

    d.    Whether the above described policies and practices have discriminated against female workers by denying them the same opportunities and benefits afforded male workers in the longshore industry in Washington based on their gender.

3.4    <u>Typicality</u>. The claims of Plaintiff Ross are typical of the claims of the class because they were subject to the same requirements, procedures, policies and practices of PMA and its members as the other members of the class.

3.5    <u>Adequacy of Representation</u>. Plaintiff Ross will fairly represent the class and has no interests that conflict with members of the class. Plaintiff shares the same interest as other members of the class in seeing that damages and other requested relief is granted to Plaintiff and other class members. Plaintiffs' counsel is knowledgeable about the policies and practices of the PMA, has represented clients in employment cases against the PMA and has been appointed class counsel in other cases in which the PMA was a party and in other employment discrimination cases.

3.6    <u>CR 23(b)(2) Certification</u>. Plaintiff Ross seeks certification of the above class of female workers under CR 23(b)(2). The primary relief sought is declaratory and injunctive relief for the class in the form of a declaration that Defendant's Pacific Maritime Association, JPLRC, and SSA have engaged in a pattern and practice of disparate treatment and disparate impact sex discrimination and acts that created a hostile work environment for female workers on the basis of their gender. Plaintiff

AMENDED COMPLAINT - 13

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 20

also seeks a declaration that defendant's Pacific Maritime Association, JPLRC, and SSA have refused to accommodate female workers who became pregnant and needed reasonable accommodations. The injunctive relief sought for the class is to enjoin a continuation of this pattern and practice of gender based discrimination. Any further or additional relief that may be afforded the Class in the form of damages caused by Defendants is secondary to the Plaintiff's request for declaratory and injunctive relief.

## IV.  CLASS ACTION CLAIMS/CAUSES OF ACTION

**A.  Pattern and Practice of Sex Discrimination**

4.1   Through the above described and complained of policies and practices towards female longshore workers who become pregnant, Defendants PMA, JPLRC and SSA ("Defendants") have engaged in a pattern and practice of disparate treatment and disparate impact sex discrimination and acts that created a hostile work environment for all female workers on the basis of their gender by denying female workers the same benefits and opportunities of employment afforded male longshore workers, including plaintiff Ross.

4.2   Defendants have engaged in disparate treatment and disparate impact discrimination on female longshore workers through their policies and practices related to job assignments, light duty, lack of credit for hours on pregnancy and childbirth related leave, and advancement in seniority. In all of above respects, Defendants treat pregnant longshore workers and longshore workers who give birth less favorably than men and other classes of workers.

4.3   Plaintiff Ross has been denied light duty, pay, and credited hours during her pregnancies and while on maternity leave due to defendants' pattern

AMENDED COMPLAINT - 14

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 21

and practice of sexual discrimination, and due to defendants' intentional and disparate impact discrimination on the basis of sex.

4.4     Defendants' conduct constitutes a violation of the Washington Law Against Discrimination, RCW 49.60 et. seq. and a continuing violation of the law.

4.5     Defendants' conduct also constitutes a violation of the Healthy Starts Act, RCW 43.10 et seq.

**B.     Hostile Work Environment**

4.6     Defendants PMA, the Joint Port Labor Relations Committee, and SSA, have participated in, and/or aided and abetted, the creation and maintenance of a hostile work environment against female longshore workers in Washington on the basis of their sex as alleged the paragraphs above. Plaintiff Ross has been adversely affected by this hostile work environment.

4.7     Defendants' conduct constitutes sex discrimination in violation of the Washington Law Against Discrimination, RCW 49.60. et seq.

## V.  INDIVIDUAL CLAIMS

5.1     In addition to the claims of disparate treatment and disparate impact discrimination and violations of law adversely affecting Ms. Ross, as alleged above, Defendants PMA, and SSA denied Ms. Ross access to a clean, accessible, and legally sufficient facility for lactation.

5.2     Defendants PMA and SSA harassed Ross when she attempted to use the substandard lactation rooms that were provided.

5.3     In retaliation for her filing a grievance related to the substandard pumping facilities and harassment related to pumping, Defendant SSA docked Ross's pay for time spent expressing milk and travelling to and from the

AMENDED COMPLAINT - 15

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 22

lactation rooms, even though many of the delays and logistical hurdles were caused by SSA.

5.4     Based on the foregoing, Defendants have discriminated against Ross on the basis of her sex in violation of the Washington Law Against Discrimination, RCW 49.60. et seq.

5.5     Based on the foregoing, Defendants have retaliated against Ross on the basis of her sex in violation of the Washington Law Against Discrimination, RCW 49.60. et seq.

5.6     Defendants' conduct also constitutes a violation of the Healthy Starts Act, RCW 43.10 et seq.

5.7     Defendants' failure to provide Ms. Ross an appropriate lactation room also constitutes a violation of the Break Time for Nursing Mothers Provision of the FLSA, 29 U.S.C. § 207(r).

5.8     The Fair Labor Standards Act (FLSA), as amended by the Patient Protection and Affordable Care Act, 29 U.S.C. § 207(r), requires an employer to provide a suitable location and break times for the purpose of expressing breast milk for one year after a child's birth each time an employee has need to express milk. The location must be a place, other than a bathroom, that is shielded from view and free from intrusion by coworkers and the public.

## VI.  DAMAGES

6.1     The wrongful and discriminatory conduct of all the named defendants has caused plaintiff Ross, including lost past and future wages, income and earnings, out of pocket and emotional distress damages.  These damages amount to less than $5,000,000.

6.2     The wrongful, discriminatory, and retaliatory conduct of all the named defendants has caused plaintiff Ross damages, including lost past and

AMENDED COMPLAINT - 16

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 23

future wages, income and earnings, out of pocket and emotional distress damages.

## VII.  REQUEST FOR RELIEF

Plaintiff Ross requests that the Court enter judgment against all named defendants for the following relief:

1. Awarding Plaintiff Ross the full measure of damages permitted by law on her individual claim.

2. Awarding prejudgment interest on any award of lost wages or economic loss.

3. Awarding statutory fees and costs.

4. Awarding actual attorney fees and litigation expenses as permitted by the Washington Law Against Discrimination, RCW 49.60 et. seq. and any other available statute.

5. Plaintiff Ross requests judgement against defendant's Pacific Maritime Association, JPLRC, and SSA for the following relief:

   a. A declaration that defendants have engaged in a pattern and practice of gender discrimination and that they have failed to accommodate female workers who have become pregnant and needed reasonable accommodations.

   b. Enjoining defendants from engaging further in its pattern and/or practice of sexual discrimination and/or those policies and practices which have a disparate impact because of their sex on the employment opportunities of female longshore workers.

6. Providing any further legal or equitable relief which the court deems appropriate.

AMENDED COMPLAINT - 17

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

EXHIBIT A - AMENDED COMPLAINT
NOTICE OF REMOVAL -- 24

1  DATED: October 11, 2019.

2

3                                              BRESKIN JOHNSON TOWNSEND, PLLC

4                                              By: _____
5                                              David E. Breskin, WSBA #10607
                                               Cynthia J. Heidelberg, WSBA #44121
6                                              Chiedza Nziramasanga, WSBA # 49899
7                                              1000 Second Avenue, Suite 3670
                                               Seattle, WA 98104
8                                              Tel: (206)652-8660
9                                              *Attorneys for Plaintiff*

AMENDED COMPLAINT - 18

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**EXHIBIT A - AMENDED COMPLAINT**
**NOTICE OF REMOVAL -- 25**