UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLENA ROSS,

    Plaintiff,

 v.

PACIFIC MARITIME
ASSOCIATION, et al.,

    Defendants.

C19-1676 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Pacific Maritime Association's ("PMA") Threshold Motion for Partial Summary Judgment,[1] docket no. 18, is DENIED as follows:

 (a) PMA's motion as to Plaintiff's claims arising out of events prior to August 10, 2015 is DENIED. PMA contends that Plaintiff's claims are time barred because they arise out of facts occurring more than three years before Plaintiff brought her Complaint on August 10, 2018, and claims under the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180, generally have a three-year statute of limitations. *Antonius v. King Cty.*, 153 Wn.2d 256, 261-62 (2004). For discrete acts under the WLAD, such as the failure to promote, the limitations period runs from the act itself. *Id.* at 264. Under the "unitary, indivisible claim" rule, however, all acts contributing to an alleged hostile work environment are treated as one unlawful employment practice as long as one act contributing to the claim occurs within the filing period. *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 116-18 (2002); *Antonius*, 153 Wn.2d at 264-66. Plaintiff concedes—and Defendant

---

[1] Defendant's Motion is based on the claims brought in Plaintiff's Amended Complaint, docket no. 36. After Defendant filed the Motion, however, the parties stipulated to the filing of a Second Amended Complaint ("SAC"), which was filed on February 10, 2020, docket no. 36. The Court therefore notes that the analysis contained in this Minute Order applies to Defendant's arguments as they relate to the substantive claims in both the Amended Complaint and the Second Amended Complaint.

MINUTE ORDER - 1

PMA acknowledges—that Plaintiff does not bring claims or seek damages arising from events occurring prior to August 10, 2015. *See* Defendant PMA's Reply, docket no. 30 at 5; Plaintiff's Opposition, docket no. 25 at 14, 17. Plaintiff is entitled to allege pre-August 2015 facts for several appropriate reasons, such as to show the intent behind actionable conduct falling within the statute of limitations, *Loeffelholz v. Univ. of Wash.*, 175 Wn.2d 264, 274 (2012), and as one or more acts contributing to an alleged hostile work environment under the unitary, indivisible claim rule, *Antonius*, 153 Wn.2d at 269-70. Plaintiff also alleges that Defendant failed to promote her in 2017, which constitutes a discrete act occurring within the statutory period. SAC ¶¶ 2.78-2.80. Thus, under either the "unitary, indivisible claim" rule or discrete act rule, Plaintiff's claims are timely.

(b) Defendant PMA's motion as to Plaintiff's claims against PMA for denial of accommodations under the Fair Labor Standards Act ("FLSA") is DENIED. Defendant PMA contends that they are not responsible for such accommodations because they are not Plaintiff's employer pursuant to the FLSA. The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition is "given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Bonnette v. Cal. Health & Welf. Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983), *overruled on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). Whether an employer-employee relationship exists under the FLSA depends on the "economic reality" of the situation. *Torres-Lopez v. May*, 111 F.3d 633, 639 (9th Cir. 1997). PMA's status as a joint employer of Plaintiff is a question of law that will ultimately be determined by the Court. *Bonnette*, 704 F.2d at 1469. Courts rely on the factors set forth in *Bonnette* to guide their analysis. Under *Bonnette*, the Court considers whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of pay; and (4) maintained employment records. *Id*. at 1470. In *Torres-Lopez*, the 9th Circuit added certain "non-regulatory" factors to determine the "economic reality" of the alleged employer-employee relationship. 111 F.3d at 640. Applying the factors to the facts in this case, the Court concludes that there are material issues of fact that preclude the court from determining on this record whether or not PMA is a joint employer under the FLSA. As a result, the Court cannot rule as a matter of law that PMA could not be responsible under the FLSA for the Plaintiff's lactation claim.

(c) Defendant PMA's motion as to Plaintiff's Washington Healthy Starts Act ("HSA") claim against PMA is DENIED. Defendant contends that Plaintiff's HSA lactation claim must be dismissed because, as originally enacted in 2017, the HSA did not provide for lactation accommodations until the Act's amendment in 2019, and the amendment does not retroactively apply to claims arising out of events in 2017. Even in 2017, however, an employer violated the HSA when it failed to make reasonable accommodations for an employee's pregnancy and pregnancy-related health conditions. RCW 43.10.005(1)(b) & (2)(a). According to guidance from the Equal Employment Opportunity Commission ("EEOC"), lactation is a pregnancy-related medical condition. EEOC Enforcement Guidance on Pregnancy Discrimination and Related Issues, 2015 WL 4162723, at *8. Although not binding on the courts, EEOC guidance is entitled to "great deference." *Griggs v. Duke Power Co.*, 401 U.S. 424, 433-34 (1971). Indeed, many other courts have found that lactation is a pregnancy-related health condition. *See E.E.O.C. v. Houston Funding II, Ltd.*, 717 F.3d 425, 428 (5th Cir. 2013) ("[W]e hold that lactation is a related medical condition of pregnancy for purposes of the PDA."); *Allen-Brown v. D.C.*, 174 F. Supp. 3d 463, 478 (D.D.C. 2016) (same); *Hicks v. City of Tuscaloosa, Alabama*, 870 F.3d 1253, 1259 (11th Cir. 2017) ("We agree with the Fifth Circuit's determination that lactation is a related medical condition."). Lactation is a pregnancy-related health condition that has been covered under the HSA since the law initially went into effect in 2017. PMA further contends that it is not responsible for the lactation accommodations. PMA's role in providing the lactation accommodations that are central to Plaintiff's complaint is an issue of fact. *See supra* (b).

(2) Defendant SSA Terminals's Response, docket no. 24, is STRICKEN as moot.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of February, 2020.

                                      William M. McCool
                                      Clerk

                                      s/Karen Dews
                                      Deputy Clerk