UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLENA ROSS,

        Plaintiff,

  v.

PACIFIC MARITIME ASSOCIATION, et al.,

        Defendants.

C19-1676 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) To the extent Plaintiff's Motion for Partial Summary Judgment, docket no. 61, or any opposition contains a motion to amend the Second Amended Complaint to include a disability claim, that motion is DENIED. Plaintiff had three prior opportunities to properly amend her complaint to include such a claim yet did not do so. Plaintiff's contention that "this claim is being raised and litigated sufficiently now by consent" is contradicted by the record. Plaintiff's Reply, docket no. 88-1 at 7. Defendants strenuously object to any new disability accommodation claim as an impermissible "pivot." *See* PMA's Opposition, docket no. 73 at 20. Any stand alone disability claim is not properly before the Court.

(2) SSA's Motion for Partial Summary Judgment, docket no. 44, is DENIED in part and DEFERRED in part as follows:

(a) SSA's motion is DENIED as to the Washington Healthy Starts Act ("HSA"), RCW 43.10, *et seq.*, portion. The Court has already ruled that the HSA included a right to lactation accommodations when it went into effect in July 2017. *See* docket no. 37 at 3. Whether SSA was responsible for a delay in the provision

MINUTE ORDER - 1

 

of lactation accommodations or the inadequate provision of those accommodations in violation of the HSA (under Claim III) involves disputed issues of material fact. *Compare* Bohm Decl., docket no. 86 at ¶ 3 and Ex. 3 to Lentini Decl., docket no. 45-3 at 25-26 *with* Ex. 9 to Heidelberg Decl., docket no. 62-1 at 71.

(b) SSA's motion is DENIED as to the Fair Labor Standards Act ("FLSA") portion. Plaintiff asserts a private right of action under the FLSA. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section . . . 207 of this title shall be liable to the employee … affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."); *Lico v. TD Bank*, 2015 WL 3467159, at *3 (E.D.N.Y. June 1, 2015) ("[T]he penalty provision explicitly provides a private right of action for all violations of Section Seven, which obviously includes § 207(r). The entitlement to a private right of action could not be more clearly stated in the provision"). Whether SSA retaliated against Ross in violation of the FLSA involves disputed issues of material fact.

(c) The Court's ruling on the Hostile Work Environment (under Claim II) and Negligent and Intentional Infliction of Emotional Distress (under Claims IV & V) portions of the Motion is DEFERRED.

(3) PMA's Renewed Threshold Motion for Summary Judgment, docket no. 51, is DENIED as follows:

(a) PMA contends that it is not Ross' employer pursuant to the FLSA. The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition is "given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Bonnette v. Cal. Health & Welf. Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983), *overruled on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). Whether an employer-employee relationship exists under the FLSA does not depend on "isolated factors but rather upon the circumstances of the whole activity" and whether an employer exerted control over an employee. *Id.* This determination focuses on whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of pay; and (4) maintained employment records. *Id.* at 1470. The Department of Labor essentially adopted the *Bonnette* factors at 29 C.F.R. § 791.2.

PMA's status as Ross' joint employer is a question of law determined by the Court. *Bonnette*, 704 F.2d at 1469. To meet this test, an "employer" need not meet every factor, rather, the potential joint employer must "actually exercise--

MINUTE ORDER - 2

directly or indirectly--one or more of these indicia of control to be jointly liable under the Act." *See* 85 Fed. Reg. 2820, 2821 (Jan. 16, 2020).

  (b) The Court previously concluded that there were material issues of fact precluding the Court from determining whether, as a matter of law, PMA could be responsible as Ross' joint employer pursuant to the FLSA.[1]  Several entities played a necessary role in processing Ross' request for a lactation accommodation, which was required before she could return to work.  Ross' request began "exclusively and appropriately only with her union," Local 19.  PMA's Response to Plaintiff's Motion, docket no. 73 at 11.  The JPLRC, of which PMA and Local 19 are a part, then "review[ed] and decide[d] upon" Ross' temporary accommodation request.  Ex. 2 to Second Nziramasanga Decl., docket no. 93; Pick Decl., docket no. 19 at ¶¶ 5, 12.  PMA, as the employer representative of the JPLRC, then processed and communicated the request to the employer.  Ex. 1 to Second Heidelberg Decl., docket no. 81 at 6-7; Ex. 2 to Second Heidelberg Decl., docket no. 81 at 10-11.  Ross therefore could not work unless and until Local 19, PMA, and the JPLRC each acted on her lactation room accommodation request.  Each entity "supervised and controlled [Ross'] work schedule[] or conditions of employment." *Bonnette*, 704 F.2d at 1470.  PMA's Threshold Motion is therefore DENIED as to the FLSA claim.  Now, with the benefit of a developed record and after considering all the briefing on the issue, the Court, *sua sponte*, finds and concludes as a matter of law that PMA is an employer pursuant to the FLSA for the purpose of processing Ross' lactation accommodation request because PMA jointly exercised control over conditions of Ross' employment before she set foot on the docks.

  (c) PMA also contends that it is not Ross' employer pursuant to the WLAD.  In support of this argument, PMA primarily relies on *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924 (9th Cir. 2003), in which the Ninth Circuit found that PMA was not an employer pursuant to Title VII and the WLAD for events that occurred on PMA-member docks.  *Anderson* is materially distinguishable from this case.  The *Anderson* court held that PMA had "no direct role" in the allegedly racially hostile work environment on its member's docks.  *Id.* at 926.

---

[1] PMA contends that it is not Ross' employer because it does not have the power to hire and fire dockworkers (Weber Decl., docket no. 54 at ¶ 7), does not supervise dockworkers (*id*. at ¶¶ 7, 17), and assists in negotiating dockworkers' pay rates merely as an intermediary (*id*. at ¶ 5).  PMA also contends that, while it does keep employee data for its member companies, that factor is not dispositive on its own.  Ross' allegations regarding PMA, JPLRC, and Local 19, relate, however, to the work conditions, hiring, and dispatching *before* she even set foot in an SSA terminal and not to the lactation accommodations at SSA's terminals.  *See* Plaintiff's Opposition, docket no. 94 at 9.  PMA's contention that it does not control Ross' employment on the docks is therefore inapposite.

MINUTE ORDER - 3

Here, Ross' claims against PMA, Local 19, and the JPLRC are based on their handling of her lactation accommodation request, which occurred *before* she was dispatched to her SSA job. PMA, the JPLRC, and Local 19 each played a necessary role in processing Ross' request. *See supra* 3(b). PMA's Threshold Motion is therefore DENIED as to the WLAD claim. The Court, *sua sponte*, finds and concludes as a matter of law, after considering all the briefing on the issue, that PMA, Local 19, and the JPLRC are employers pursuant to the WLAD because each entity had a "direct role" in processing Ross' accommodation request before she set foot on the docks.

(4) PMA's Phase Two Motion for Summary Judgment, docket no. 53, is DENIED in part and DEFERRED in part as follows:

(a) PMA's Phase Two Motion is DENIED as to the claims regarding PMA's and the JPLRC's alleged failure to provide adequate lactation accommodations. Whether PMA and the JPLRC were responsible for a delay in the provision of lactation accommodations (under Claim III) involves disputed issues of material fact.

(b) The Court's ruling on the sex discrimination claim portion of the Motion, including PMA's alleged refusal to provide credit towards hours worked and light duty in violation of the WLAD (under Claim I) is DEFERRED.

(5) The Court's ruling on Local 19's and JPLRC's Motion for Summary Judgment, docket no. 57, including Defendants' alleged refusal to provide credit towards hours worked and light duty in violation of the WLAD (under Claim I) is DEFERRED.

(6) Ross' Motion for Partial Summary Judgment, docket no. 61, is DENIED in part and DEFERRED in part as follows:

(a) Ross' Motion as to Defendants' alleged failure to provide appropriate lactation accommodations and facilities pursuant to the HSA, WLAD, and FLSA is DENIED. Whether Defendants failed to provide lactation accommodations and facilities involves disputed issues of material fact.

(b) The Court's ruling on the remaining WLAD claim portion of the Motion, including Defendants' alleged refusal to provide light duty in violation of the WLAD (under Claim I) is DEFERRED.

(7) Local 19's and JPLRC's Second Motion for Summary Judgment, docket no. 82 is DENIED in part and DEFERRED in part as follows:

(a) Local 19 and JPLRC contend that they are not employers pursuant to the FLSA. Local 19 contends that as a labor organization, it is exempt from the FLSA, which defines employer as "any person acting directly or indirectly in the

MINUTE ORDER - 4

interest of an employer in relation to an employee and includes a public agency, but *does not include any labor organization (other than when acting as an employer)*." 29 U.S.C. § 203(d) (emphasis added). The Court finds that the carveout for labor organizations does not apply here because Local 19 was "acting as an employer" pursuant to the FLSA when it played a necessary role in processing Ross' request for a lactation accommodation, which was required before she could return to work. *See supra* 3(b). Local 19's and JPLRC's Second Motion is thus DENIED as to the FLSA employer portion of the Motion. After considering all the briefing on the issue, the Court, *sua sponte*, finds and concludes as a matter of law that JPLRC and Local 19 are employers pursuant to the FLSA for the purpose of processing Ross' lactation accommodation request because they jointly exercised control over conditions of Ross' employment before she set foot on the docks.

(b) The Court's ruling on the sex discrimination claim portion of the Motion, including the JPLRC's alleged refusal to provide light duty in violation of the WLAD (under Claim I), is DEFERRED.

(8) Attached as Exhibit A is a draft chart listing Plaintiff's claims as to each Defendant and the present status of each claim. The parties are DIRECTED to meet and confer within seven (7) days and file any objections to the status of each claim as reflected in the chart on or before noon on July 10, 2020.

(9) The Court SCHEDULES oral argument for Tuesday, July 14, 2020, at 9:30 a.m. The parties should be prepared to address the deferred portions of their respective motions. Pursuant to General Order 08-20, the Court will conduct the hearing remotely. The Court's staff will be in contact with counsel by email to provide a conference call number and access code for the hearing.

(10) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of July, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 5

# Exhibit A

| Claims in the SAC, docket no. 36 | Against Defendant | Current Status | Objections |
|---|---|---|---|
| Claim I: Sex discrimination pursuant to WLAD and Healthy Starts Act ("HSA") | - HSA claim solely against SSA | - The HSA sex discrimination claim was not addressed in any motion and thus remains for trial<br>-No oral argument | |
| | - WLAD claim against SSA, PMA, and the JPLRC | -The Court's ruling on this claim is DEFERRED to oral argument on July 14 (see Minute Order) | |
| Claim II: Hostile work environment pursuant to WLAD on the basis of sex | -SSA | -Court's ruling on this claim is DEFERRED to oral argument on July 14 (see Minute Order) | |
| Claim III: Failure to provide adequate lactation accommodations pursuant to the WLAD, HSA, and FLSA | -WLAD discrimination claim against PMA and SSA<br>-WLAD retaliation claim against SSA<br>- HSA claim against SSA<br>- FLSA claim against PMA, JPLRC, SSA, and Local 19 | -All remain for trial due to disputed issue of material fact (see Minute Order)<br>-No oral argument | |

| **Claims in the SAC, docket no. 36** | **Against Defendant** | **Current Status** | **Objections** |
|---|---|---|---|
| Claims IV & V: IIED and/or NIED violating duties owed under the HSA and the FLSA | - SSA | -Court's ruling on this claim is DEFERRED to oral argument on July 14 (see Minute Order) | |